**Alwine v. Fitts Cotton Goods**

*Fred C. Cohen* of *Cooper, Schwartz, Diamond & Reich,* for plaintiff.

*Robert A. Kelly* of *Cauley, Birsic & Conflenti,* for defendant.

*James C. Kletter* of *Griggs, Moreland, Blair & Anderson,* for garnishee.

WENTLEY, J., October 12, 1971.—Defendant, Fitts Cotton Goods, by special appearance has filed pre-

liminary objections asserting that the court is without jurisdiction over defendant. This action was instituted in foreign attachment against defendant, a Georgia corporation. A writ of foreign attachment was issued against G. C. Murphy Company, garnishee, which, in turn, filed its initial report stating that it was indebted to defendant in the amount of $10,617 as of the date of service of the attachment and subsequently thereto, to wit, March 18, 1971, became indebted to defendant in the amount of $4,425. However by an amended garnishee's report filed pursuant to leave of court granted June 16, 1971, garnishee stated that it was only indebted to defendant in the amount of $1,767 and that its wholly-owned subsidiary, Morgan & Lindsey, Inc., was indebted to defendant in the amount of $13,275. The amended report further stated that all said indebtedness was subject to a financing statement, dated March 3, 1969, whereby "all present and future accounts" of defendant had been assigned to G. A. C. Commercial Corporation, a Pennsylvania corporation located in Allentown, Pa.

Defendant asserts that because there is no indebtedness upon which an attachment can issue, the court lacks jurisdiction. Plaintiff contends that because the financing statement was not filed in Pennsylvania in accordance with the Uniform Commercial Code, it is not effective as against either defendant or the garnishee.

In order for the foreign attachment to be effective, defendant must have had real or personal property within the Commonwealth when the writ was served: Stewart's Estate, Pa. 356 (1939). Foreign attachment will not lie against property of defendant held by a garnishee unless such property is subject to the absolute control of defendant: Benedict & Eberle Co. v. Hollman, 68 Pa. Superior Ct. 155 (1917); Goodrich-

Amram Standard Pennsylvania Practice 1252-10, page 32. Therefore, if at the time of service of the writ defendant had assigned the debt of the garnishee to a third party who had perfected its security interest therein, this action must be dismissed.

Plaintiff argues that because the financing statement was not recorded in Pennsylvania in accordance with section 9-103 of the Uniform Commercial Code, no security interest has been perfected as against the garnishee. Plaintiff is in error. The Commercial Code provides that if the chief place of business of the debtor is outside of the Commonwealth of Pennsylvania, all questions concerning the validity and perfection of a security interest in a debt shall be governed by the law of the jurisdiction where such chief place of business is located: 12A PS §9-102(2). It is not disputed that defendant's chief place of business is in the City of Atlanta, County of Fulton, Ga. Under Georgia law, a financing statement must be filed in the office of the Clerk of the Superior Court in the county where the corporation has its principal place of business: Georgia Uniform Commercial Code, 109A-9-401, Acts 1962, page 156, et seq. The financing statement in question was filed in the Superior Court of Fulton County, Ga. Therefore, the security interest was perfected under the laws of that State.

Consequently, at the time of the issuance of the writ of foreign attachment, the garnishee, G. C. Murphy Company, did not have in its possession any property of defendant. Defendant's preliminary objections must be sustained; this action is dismissed for lack of jurisdiction.

## ORDER OF COURT

And now, to wit, this October 12, 1971, for the

reasons set forth in the foregoing opinion, defendant's preliminary objections are sustained and this action is dismissed for lack of jurisdiction.